**IN THE COURT OF APPEALS OF IOWA**

No. 25-0189
Filed June 18, 2025

**IN THE INTEREST OF E.H.,**
**Minor Child,**

**M.M., Mother,**
        Appellant,

**L.H., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, Judge.


A mother and a father separately appeal the termination of their parental

rights.  **AFFIRMED ON BOTH APPEALS.**


Teresa Pope of Pope Law, PLLC, Des Moines, for appellant mother.

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney

General, for appellee State.

Lynn Vogan of Juvenile Public Defender, Des Moines, attorney and

guardian ad litem for minor child.


Considered without oral argument by Greer, P.J., and Badding and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother and a father separately appeal the termination of their parental rights to a child born in August 2023. The father challenges the grounds for termination, while the mother contends termination is not in the child's best interests and would hurt the child based on the strength of their bond. Both parents contend a guardianship would serve the child's best interests, and the mother asks us to delay permanency for the child. After reviewing the record, we affirm the order terminating each of their parental rights.

**I. Background Facts and Proceedings.**

The child was removed from the parents' custody because the mother used marijuana throughout her pregnancy and tested positive for marijuana use at the time of birth. The child also tested positive for marijuana. Both parents stipulated to the removal, and the child was placed with the paternal grandmother. The State petitioned to adjudicate the child in need of assistance (CINA), and the juvenile court granted the petition in October 2023.

Both parents have long histories of substance use and criminal convictions related to it. Both participated in substance-use treatment before the CINA proceedings involving this child. A child the mother gave birth to in 2021 is in a guardianship with a relative because of the mother's substance use.

During the CINA proceedings, both parents participated in substance-use treatment but struggled with their sobriety. When neither made meaningful progress in the year following the CINA adjudication, the juvenile court ordered the State to petition to terminate their parental rights. Following a hearing, the juvenile

court terminated both the mother's and father's parental rights under Iowa Code section 232.116(1)(h) (2024).

**II. Scope of Review.**

"We generally review CINA proceedings and termination of parental rights proceedings de novo." *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). "[W]e review both the facts and the law, and we adjudicate rights anew." *Id.* (citation omitted). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re J.V.*, 13 N.W.3d 595, 603 (Iowa 2024) (citation omitted).

**III. Discussion.**

We review the termination of parental rights de novo using a three-step analysis. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). First, we determine whether the evidence supports any ground for termination under section 232.116(1). *Id.* If so, we apply the best-interest framework described in section 232.116(2) to determine whether it supports terminating parental rights. *Id.* Finally, we consider whether one of the scenarios described in section 232.116(3) apply and, if so, whether it should preclude termination. *Id.* We only address the steps challenged on appeal and any specific claims presented. *In re L.E.*, No. 24-1263, 2024 WL 4762849, at *2 (Iowa Ct. App. Nov. 13, 2024).

**A. Grounds for Termination.**

The father challenges the evidence showing the grounds for terminating his parental rights under Iowa Code section 232.116(1)(h). Termination is appropriate under this section when a child is three years old or younger, has been adjudicated CINA, removed from the parent's custody for at least six months, and cannot be

returned safely to the parent's custody "at the present time."  Iowa Code § 232.116(1)(h).  There is no dispute that the State established the first three requirements for termination under section 232.116(1)(h), but the father challenges the evidence showing the child could not be returned to his custody at the time of the termination hearing.  *See In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021) (interpreting "at the present time" to mean at the time of the termination hearing).  He argues that

> the State failed to establish the nexus of the father's previous drug use and his ability to care for and raise his child.  The father was actively working on getting sober.  Being sober takes time and the father was working at it.  They have not proven by clear and convincing evidence that his developing sobriety would prohibit him from being able to care for his child.

Clear and convincing evidence shows the child cannot be returned to the father's custody.  The father admits that he first used methamphetamine more than eleven years ago and used it as recently as one week before the termination hearing.  He admits that he has a substance-use problem.  At the same time, he denies having unaddressed issues involving substance use and believes it poses no danger to himself or others.  At the time of the termination hearing, the father was living with his brother, who also has a history of substance use.  The father's long history of substance use and ongoing methamphetamine use, coupled with his cavalier attitude about it, impedes the child's return to his custody.  *In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) ("Since concerns remained for the father's substance use, the child could not have been returned to his custody at the time of the termination hearing."), *abrogated on other grounds by In re L.A.*, ___ N.W.3d ___, ___, 2025 WL 855764, at *3 (Iowa Ct. App. 2025); *In re R.M.-V.*,

13 N.W.3d 620, 626 (Iowa Ct. App. 2024) (holding that mother who used methamphetamine less than one month before the termination hearing failed to demonstrate she was on a path to sobriety and thus could not provide the child with a stable home); *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children. 'No parent should leave his small children in the care of a meth addict—the hazards are too great.'" (citations omitted)). The father was also facing charges of third-degree burglary and possession of methamphetamine, which were filed one month before the termination hearing. He was not engaged with mental-health treatment or consistently visiting the child. These ongoing concerns only heighten the likelihood that the child would suffer harm that justifies a CINA adjudication if returned to the father's custody. Termination is appropriate under section 232.116(1)(h).

### B. Best Interests of the Child.

The mother challenges the finding that termination is in the child's best interests. In determining best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "[W]e look to the child's long-range as well as immediate interests, consider what the future holds for the child if returned to the parents, and weigh the child's safety and need for a permanent home." *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019) (cleaned up). In making this determination, we review evidence of the parent's past performance because it may indicate the parent's future capabilities. *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021).

The mother began using controlled substances eleven years ago. She made progress at the start of the CINA proceedings, and by March 2024, a transition plan was developed to return the child to her care. But the transition plan was stopped when the mother relapsed by using cocaine the same month. Testing in April and May was negative for all substances, but the mother tested positive for methamphetamine in July. Between July and the January 2025 termination hearing, the mother provided only one sample that tested negative. She failed to provide samples on every other occasion requested but one, and that sample tested positive for methamphetamine.

The mother admits that she used marijuana the day before the termination hearing. She began intensive outpatient treatment for substance use on December 12 but only met with her provider for one individual session in the month that followed. The mother could not recall the provider's name, testifying that "it starts with a K. I believe it's Katherine or Kassidy or something like that." Group treatment sessions had yet to begin. The mother has been in treatment multiple times and testified that she is "an addict." But when asked if she has substance use concerns that have yet to be fully addressed, the mother answered, "No."

Iowa Code section 232.116(1)(h)(3) allows termination when a young child has been removed from a parent's custody for six months. Once the statutory period for termination has passed, we view the proceedings with a sense of urgency. *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). By the termination hearing, the child had been removed from the mother's custody for sixteen and one-half months. The mother admitted the child could not be returned to her custody but asked for "another shot" at parenting, claiming that she would change

"[e]verything that needs to" if given more time. But considering her history of substance use and her progress during the CINA proceedings, we agree that terminating the mother's parental rights serves the child's best interests. We will not deny the child permanency in the hope that the mother may one day be able to meet her needs. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)). We agree that terminating the mother's parental rights serves the child's best interests.

### C. Iowa Code Section 232.116(3).

The mother next seeks to avoid termination based on one of the circumstances outlined in section 232.116(3). The court "need not terminate the relationship between the parent and child" if one of those circumstances exists. Iowa Code § 232.116(3). The mother argues that clear and convincing evidence shows that "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." *Id.* § 232.116(3)(c). To avoid termination on this basis, clear and convincing evidence must "show that, on balance, [the closeness of the parent-child] bond makes termination more detrimental than not." *W.M.*, 957 N.W.2d at 315. The mother bears the burden of proof. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

The mother has not shown clear and convincing evidence that terminating her parental rights would be more detrimental to the child than not. The child was removed from the mother's custody at birth. Although the mother had some semi-

supervised overnight visits in early 2024, her attendance at visits fell sharply.by the end of the year. As the juvenile court noted, the bond between the mother and child "has greatly diminished over the past several months" as a result.

**D. Alternatives to Termination.**

Finally, the parents argue for alternatives to terminating their parental rights. Both seek a guardianship with a relative. The mother also asks to continue the child's placement for six months.

**1. Guardianship.**

Iowa Code section 232.104(2)(d)(2) allows the court to transfer guardianship and custody of a child rather than terminate parental rights. The mother wants a guardianship with the maternal grandmother, who is the guardian of the mother's older child. The father wants a guardianship with the paternal grandmother, who has served as the child's caretaker since removal.

We have often noted that guardianships are not legally preferred to termination. *See, e.g., In re B.T*., 894 N.W.2d 29, 32 (Iowa Ct. App. 2017); *see also A.S*., 906 N.W.2d at 475 ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." (citation omitted)). "A guardianship does not provide the same level of stability and safety for a child as termination of parental rights and adoption because a guardianship is not permanent*." In re V.W*., No. 24-0983, 2024 WL 4394433, at *3 (Iowa Ct. App. Oct. 2, 2024). A guardianship requires a written report to the court every six months and is inherently uncertain as, at any time, a

parent can challenge the guardianship or the court could appoint a different guardian. *See* Iowa Code §§ 232.117–.118; *A.S.*, 906 N.W.2d at 477–78.

In determining whether to terminate parental rights or place a child in a guardianship, we consider the child's age, the length of the removal, the viability of other permanency options, and the relationship between the parent and guardian. *See A.S.*, 906 N.W.2d at 478; *B.T.*, 894 N.W.2d at 34. Because the child was less than two years old at the time of termination, a guardianship could last sixteen years. Considering each parent's performance during the CINA proceedings, we cannot find that the child would benefit by remaining in limbo. *See In re G.E.*, No. 13-1086, 2013 WL 5229671, at *3 (Iowa Ct. App. Sept. 18, 2013) (holding that a guardianship "would only prolong the uncertainty for the children" where nothing in the record suggested the father was interested in resolving his substance-use issues).

**2. Additional Time.**

Finally, the mother argues she should be granted more time under Iowa Code section 232.104(2)(b), which allows the court to continue the child's placement for another six months if doing so will eliminate the need for the child's removal. But before the court can grant an extension, it must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

In rejecting the mother's request for a six-month extension, the juvenile court noted that the child has lived all sixteen months of life outside the mother's

custody.  Although the mother maintained sobriety early in the CINA proceedings, she relapsed in March 2024 and has not maintained any significant period of sobriety since.  Based on her long history of substance use and inability to maintain sobriety, even after losing custody of another child, the court did not find it likely that the child could be returned to the mother's custody in six months.  Because the record supports this finding, we affirm.

**AFFIRMED ON BOTH APPEALS.**